IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID LLOYD BROWN, | ) | Civil Action No. 7:05-CV-00416 |
| Petitioner, | ) | Criminal Action No. 3:02-CR-00036 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES, | ) | By: Hon. Norman K. Moon |
| Respondent. | ) | United States District Judge |

Petitioner David Lloyd Brown, a Federal inmate proceeding pro se, brings this action to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Brown requests re-sentencing on his 2003 federal conviction as a result of the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). However, because Brown's conviction became final more than one year ago, his motion must be dismissed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2255 to include a one-year limitation period. Normally, the limitation period runs from the date on which the conviction became final. See 28 U.S.C. § 2255 ¶ 6(1). The court sentenced Brown on January 31, 2003. Brown's conviction became final ten days later, on February 14, 2003, when Brown failed to appeal his conviction and sentence to the Court of Appeals for the Fourth Circuit. See Fed. R. App. Pro. 4(b)(1)(A). Therefore, the limitation period on Brown's claims expired almost five months ago.

It appears that Brown is attempting to claim that Blakely and Booker are new rules, which are retroactive to cases on collateral review and that as such they restart the limitation period pursuant to 28 U.S.C. § 2255 ¶ 6(3). However, the court finds that Blakely and Booker do not apply retroactively to Brown's case. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D.Va. 2004).

Because Brown's petition is untimely, the court must dismiss his petition. In addition, even if his claims were timely, the rule in Blakely and Booker do not apply retroactively to Brown's case. An appropriate order will be entered this day.

**ENTER**: This _____ day of July, 2005

_____
UNITED STATES DISTRICT JUDGE